IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. 2:19-CV-873-WKW [WO] |
| ALABAMA HOME BUILDERS LICENSURE BOARD, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Steven Clayton Thomason alleges that the Alabama Home Builders Licensure Board's repeated refusals to issue him an unlimited license for residential homebuilding under a grandfathering exemption violates his federal statutory and constitutional rights. He has sued the Alabama Home Builders Licensure Board and its nine members. Because Mr. Thomason brought essentially the same suit previously and lost, this suit does not survive Defendants' defense of *res judicata*, and Defendants' Rule 12(b)(6) motion to dismiss (Doc. # 44) is due to be granted.[1]

---

[1] Defendants' other grounds for dismissal need not be addressed.

## II.  JURISDICTION AND VENUE

Subject matter jurisdiction is proper under 28 U.S.C. § 1331. Personal jurisdiction and venue are not contested.

## III.  STANDARD OF REVIEW

"[A] party may raise a res judicata defense by [Rule 12(b)(6)] motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012) (citation omitted). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, on Rule 12(b)(6) review, the court can consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Facts can be judicially noticed if they are "generally known

2

within the trial court's territorial jurisdiction" or if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Taking judicial notice of filings and orders in a previous action is authorized, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999), especially for determining the preclusive effect of the prior case.  *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

### IV.  FACTS

Since 1992, Defendant Alabama Home Builders Licensure Board ("Board"), through its nine members, has licensed and regulated the residential construction and remodeling industries in the state under the authority of Title 34, Section 14A, of the Code of Alabama.  (Doc. # 18, at ¶¶ 15, 31 (Am. Compl.).)  Mr. Thomason earns a living by providing homebuilding and repair services to residential customers in Alabama.  (Doc. # 18, at ¶ 43.)  Prior to 1992, Mr. Thomason held a homebuilder occupational license issued by Washington County, Alabama.  He contends that his Washington County license exempts him "from many of the Board's licensing requirements" and entitles him to an unlimited license under the Board's "Washington County Grandfathering Provision."  (Doc. # 18, at ¶¶ 45, 46.) "Although repeatedly requested, and again requested in 2021, the Board has continued to deny Mr. Thomason an unlimited license pursuant to the Board's 'Washington County Grandfathering Provision.'"  (Doc. # 18, at ¶ 49.)

Mr. Thomason's complaint brings three claims for damages and equitable relief. Count One alleges a violation of § 1 of the Sherman Act, 15 U.S.C. § 1, *et seq.* Counts Two and Three allege infringements of Mr. Thomason's rights under the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Each claim is brought against all Defendants.

This suit is Mr. Thomason's second suit on this topic. In an earlier action removed to this court, Mr. Thomason sued the Board and its then-current members, challenging the Board's refusal to give him an unlimited license under a Washington County grandfathering provision. *See Thomason v. Ala. Home Builders Licensure Bd.* (*Thomason I*), No. 2:15cv26-WKW (M.D. Ala. Jan. 13, 2015). *Thomason I* encompassed the same claims and facts as this suit against the Board and its then-serving members. *See id.*, ECF 19 (Am. Compl.). *Thomason I* suffered dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. *See id.*, ECF 121 (Final Judgment). The judgment was affirmed on appeal. (Docs. # 136, 140.)

Defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that *res judicata* bars this suit. They are correct.

## IV.  DISCUSSION

According to the doctrine of res judicata—also known as "claim preclusion"—a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  "The preclusive effect of a federal-court judgment is determined by federal common law."  *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).  Res judicata has four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."  *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (alterations adopted)).

There is no dispute that *Thomason I*'s dismissal with prejudice satisfies the first two elements.  Only the last two elements are in contention.

As to the third element, "identity of parties is satisfied if the parties to the second action were either parties to the first action or in privity with those parties."  *Id.*  The Board and six of the nine board members were defendants in *Thomason I*; hence, these parties are the same in both actions.  Mr. Thomason points out that three of the current board members—Peggy B. Turner, Kenneth Chandler, and Michael C. Toles Sr.—were not defendants in *Thomason I* "because they were not Board

5

members at the time." (Doc. # 48, at 8 n.4.) To the extent that Mr. Thomason contends that *res judicata* does not apply to his claims against the three new board members because they were not parties in *Thomason I*, that argument lacks merit because there is privity of parties.

"'Privity' describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) (citation omitted). The predecessors to the three new board members were defendants in *Thomason I*. Mr. Thomason's allegations against Turner, Chandler, and Toles concern their conduct as board members, namely, their determination that Mr. Thomason is ineligible for a grandfathered unlimited license. The current board members share the same interests as their predecessors and represent the denial of the same right that was at stake in *Thomason I*.

Additionally, the new board members are in privity with the Board because there are no allegations that the acts of the board members are distinct from any act of the Board. *Cf. Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) (holding that the plaintiff's "addition of Board members as defendants" did not preclude the application of *res judicata* under state law where the plaintiff did "not allege any action taken against him by the defendants (in either their official or individual capacities) that [was] separate and distinct from any action taken by the

6

Board"). Hence, while three of the board members have changed since *Thomason I*, the relationship between the former and current board members, as well as between the current board members and the Board, "is sufficiently close" such that the privity requirement is met. *Hart*, 787 F.2d at 1472. The element of *res judicata* requiring the identity or privity of parties is satisfied.

As to *res judicata*'s fourth element, "[i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Mann*, 713 F.3d at 1311 (citation and quotation marks omitted). "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* (citation and quotation marks omitted).

Defendants argue that Mr. Thomason's governing complaint in this action arises out of the same nucleus of operative facts as his complaint in *Thomason I*. Mr. Thomason responds that the Board's denials of his requests for a grandfathered unlimited license that occurred after the judgment in *Thomason I* are "new injuries" because he "could not have brought a claim" in *Thomason I* pertaining to Defendants' "refusal to grant him an unlimited license" in 2021. (Doc. # 48, at 6.) Defendants reply that this argument perverts the nature of Mr. Thomason's claims: "[A]ll three counts hinge on Plaintiff's *repeated* failure to obtain a license" (Doc.

7

# 53, at 4), and "[t]he bases Plaintiff asserts for his 'new' claims are exactly the same as those asserted for his original claims in *Thomason I*." (Doc. # 53, at 2.) Defendants have the better argument.

"Traditional principles of preclusion allow additional litigation if some new wrong occurs." *Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1326 (7th Cir. 1992) "[N]ew evidence of injury differs from a new wrong." *Id.*; *see, e.g.*, *Young v. Twp. of Green Oak*, 471 F.3d 674, 681 (6th Cir. 2006) (holding that the employer's "refusal to undo" a termination was "not a fresh act of discrimination" that could avert the *res judicata* effect of a prior judgment in favor of the employer that the termination was not discriminatory) (citation and quotation marks omitted).

Here, Mr. Thomason's governing complaint raises new evidence of an old injury, not a new injury. The factual crux of Mr. Thomason's claims is as follows: "Although repeatedly requested, and again requested in 2021, the Board has continued to deny Mr. Thomason an unlimited license pursuant to the Board's 'Washington County Grandfathering Provision.'" (Doc. # 18, at ¶ 49.) The alleged federal statutory and constitutional harm is the Board's refusal to recognize Mr. Thomason's eligibility for an unlimited license under a grandfathering provision. That was the harm in *Thomason I*, and that is the harm in this lawsuit. The Board's

8

repeated rejections of Mr. Thomason's serial requests are not new and independent harms but are new evidence of the earlier alleged wrong.

If Plaintiff had demonstrated an intervening change in the law or in the factual circumstances, a different conclusion might have been warranted. "It has long been established that res judicata is no defense where, between the first and second suits, there has been an intervening change in the law or modification of significant facts creating new legal conditions." *Jackson v. DeSoto Par. Sch. Bd.*, 585 F.2d 726, 729 (5th Cir. 1978).[2] There are no averments of a change in the licensure laws since the entry of final judgment in *Thomason I*, and the material facts are the same. This suit, like the suit in *Thomason I*, harkens back to a grandfather provision that Mr. Thomason says entitles him to an unlimited license without the red tape of his having to satisfy all the statutory licensure requirements and to the Board's refusal to issue him this unlimited license under the grandfather provision. There are no allegations that suggest a change in the Board's allegedly unlawful reasoning for the denial or in Mr. Thomason's circumstances that post-date the Board's original determination that Mr. Thomason was ineligible for the grandfathered unlimited license. Because Mr. Thomason has not shown that his claims in this lawsuit are based on injuries

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

9

that occurred after the entry of judgment in *Thomason I*, *res judicata* precludes him from maintaining the claims in this lawsuit.

However, Mr. Thomason argues that, like the plaintiff in *Garcon v. Van Reeth*, 511 F. App'x 877 (11th Cir. 2013), he has "suffered new injuries stemming from separate violations by Defendants." (Doc. # 48, at 8.) *Garcon* is distinguishable. In *Garcon*, the plaintiff sued a police department under § 1983 for its failure to give him notice prior to forfeiting funds seized from an apartment where he lived. *See* 511 F. App'x at 878–79. Relying on *res judicata*, the district court found that the judgment in the plaintiff's prior lawsuit against the same police department for another forfeiture stemming from a different seizure barred the plaintiff from asserting his claim that he was entitled to notice of the forfeiture. The Eleventh Circuit reversed because the "core facts" of the plaintiff's new and old claims "relate[d] to two completely different searches and forfeitures several years apart." *Id.* at 881.

Unlike in *Garcon*, the core facts in *Thomason I* and this action do not arise from completely different injuries. There is a single injury, which is the Board's denial of an unlimited license on grounds that the grandfathering provision does not exempt Mr. Thomason from the state's licensure requirements. As discussed, Mr. Thomason's repeated requests that elicited the same denials are not different injuries but are new evidence of the past alleged injury.

It is clear from the face of the complaint and from the judicially noticed facts that *Thomason I* precludes this action under the doctrine of *res judicata*. Accordingly, Rule 12(b)(6) dismissal is appropriate.

## VI.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' motion to dismiss on grounds of *res judicata* (Doc. # 44) is GRANTED.

Final judgment will be entered separately.

DONE this 27th day of April, 2022.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE